O. J. GUDE COMPANY, NEW YORK, A CORPORATION, RE-
SPONDENT, v. NEWARK SIGN COMPANY, A CORPORA-
TION, NEWARK BILL POSTER ADVERTISING COM-
PANY, A CORPORATION, THOMAS F. J. KELLY, HUGH
J. KAVNEY, SAMUEL PRATT AND MICHAEL J. CUL-
LEN, APPELLANTS.

Argued March 19, 1917—Decided May 24, 1917.

On appeal from the Supreme Court.

For the appellants, *Kalisch & Kalisch.*

For the respondent, *Lum, Tamblyn & Colyer.*

PER CURIAM.

This was an action in the Supreme Court. The complaint
alleges that the plaintiff has been, and is, in the sign adver-
tising business in general; that the defendant corporations
were engaged in the same business and were, and are, its
competitors and rivals throughout the city of Newark and the
surrounding territory; that Kelly and Kavney were officers,
directors and employes of each of the defendant companies
and were actively engaged in the conduct, management and
promotion of the business of each, and of their rivalry and
competition with the plaintiff; that they, with Pratt and
Cullen, maliciously intending to harass, annoy and embarrass
the plaintiff in the carrying on of its business, damaged and
destroyed its signs and property, and caused dissatisfaction
among its customers; and to injure and drive it out of busi-
ness, &c., maliciously conspired, combined and agreed to
damage and destroy its signs and property, and to cause dis-
satisfaction among its customers, and in pursuance of this
design the defendants chopped down, sawed off, burned and
otherwise mutilated and injured the signs of the plaintiff, to
its damage.

At the trial in the Essex Circuit the jury rendered a verdict in favor of the plaintiff against the defendants (except Cullen, as to whom the plaintiff took a nonsuit). From that verdict a rule to show cause was allowed with reservation of exceptions. The rule was discharged and the case is here on appeal on the reserved exceptions.

There were many grounds of appeal relied on by the appellants, but for the purpose of disposing of the matter before us only those grounds need be considered which have reference to certain transactions and a certain controversy between the New Jersey Sign Advertising Company (which is not a party to this suit) and three of the defendants in this suit, namely, Samuel Pratt, Newark Sign Company and Newark Bill Poster Company; evidence of which transactions and controversy the court received in evidence and referred to in his charge to the jury, over the objection of the defendants.

In offering this evidence, the plaintiff sought to show that the above-mentioned three defendants in an earlier suit brought against them by the New Jersey Sign Advertising Company in January, 1913, were charged with the commission of acts similar to those charged against them in the present suit; the complaint in the earlier suit having alleged that the acts were committed in pursuance of an unlawful conspiracy, combination and agreement entered into by the three defendants above mentioned, and that the acts were committed since January 20th, 1907. The record of that suit was offered and received in evidence. This was error.

The record in the suit just mentioned throws no light upon the present controversy. It was a suit based upon an alleged conspiracy entered into in 1907, which was more than seven years before the acts complained of in the suit at bar. The plaintiff in that suit was the New Jersey Sign Advertising Company, and the plaintiff in the case at bar is O. J. Gude Company. The plaintiffs were not the same in each case. It further appears, upon an examination of the record in the former case, that the answer filed by the defendants denied the charges in the complaint and that the suit was never tried,

but was discontinued. It cannot be said, that, because the New Jersey Sign Advertising Company, three years before the present suit was commenced, accused three of the present defendants of conspiring, in 1907, to injure it—especially without any verdict in the case to establish the truth of the accusations—that those accusations in that suit afford any light in determining whether like accusations in the present suit are true. It was highly improper to place before the jury the record of the other case. It confused the issues in this case and prejudiced the defendants. It also affected the question of punitive damages. The defendants could not be required to meet the issues in the former suit.

An effort was made to substantiate the charges in the previous suit by the admission of testimony showing that that suit was settled. This was error. As the admission of evidence of the bringing of that suit was error, testimony to the effect that it was settled was equally erroneous.

The trial judge, in dealing with the matter in his charge, said that the jury should consider the earlier suit and the settlement of it as showing that some of the defendants had knowledge that similar charges had been previously made. This, too, was error, for, as neither the bringing nor settlement of that suit was competent evidence for the plaintiff, it follows that the jury could not lawfully give consideration to that evidence in the pending suit.

The judgment under review will be reversed, to the end that a *venire de novo* may be awarded.

*For affirmance*—BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 5.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, SWAYZE, BERGEN, MINTURN, KALISCH, TAYLOR, JJ. 7.